UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SANDUSKY,

    Plaintiff,

v.

COMMANDER MOUNSEY, *et al.*,

    Defendants.

                                   /

Case No. 17-11784 and 18-11533

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTIONS TO CONSOLIDATE [17-cv-11784, Dkt. # 58; 18-cv-11533, Dkt. # 12]**

This case arises from the death of Hal Sandusky, who was a detainee at the Detroit Police Department's ("DPD") Second Precinct jail when he passed away on June 28, 2013. The personal representative of Hal Sandusky's estate, Plaintiff Thomas Sandusky (Hal Sandusky's son), named seventeen (17) DPD officers as defendants in his first lawsuit, filed on June 6, 2017, as well as the City of Detroit and DPD. (Case No. 17-cv-11784). Defendants filed a Notice of Non-Party Fault against Dr. Sarah E. Albers. On May 4, 2018, Plaintiff filed a medical malpractice action in Wayne County Circuit Court against Dr. Albers and Detroit Receiving Hospital. Plaintiff then filed a second federal lawsuit on May 15, 2018 in which he named Dr. Albers and twenty-one (21) additional DPD officers as defendants. (Case No. 18-cv-11533). Plaintiff brings deliberate indifference claims against all Defendants, gross negligence claims against Defendant Officers, and a supervisory liability claims against Defendant City of Detroit and nine (9) Defendant Officers.

This matter is now before the Court on Plaintiff's motions to consolidate filed on August 16, 2018. (17-cv-11784, Dkt. # 58; 18-cv-11533, Dkt. # 12). The Court held a hearing on the motions on September 12, 2018. For the reasons stated below, this Court GRANTS the motions.

Plaintiff argues that the Court should consolidate his two cases and enter a new scheduling order to control the progress of the entire consolidated action going forward. Plaintiff maintains that he filed the second lawsuit against additional DPD officers based on records recently produced by Defendants, namely the shift schedules produced by Defendants after the close of discovery. Plaintiff argues that since the two lawsuits arise out of the same incident and involve the same facts, evidence, records, and witnesses, the Court should consolidate them in the interests of efficiency and judicial economy. Defendant Dr. Sarah Albers has joined Plaintiff's motion to consolidate the two cases. (18-cv-11533, Dkt. # 29).

The Defendant Officers who have been served so far oppose the motions to consolidate because Plaintiff was allegedly aware of the identity of the Defendant Officers named in the second lawsuit since the City of Detroit responded to Plaintiff's Freedom of Information Act ("FOIA") request before Plaintiff filed his first lawsuit. Defendant Officers argue that they will be extremely prejudiced by consolidation because (1) discovery has closed in the first lawsuit, and Defendants in the first lawsuit have filed a motion for summary judgment which is pending; and (2) Defendant Officers in the second lawsuit allegedly had "nothing to do" with Hal Sandusky's death, and the second lawsuit is "meritless" and subject to dismissal. Defendant Officers note that they have filed motions to dismiss which are pending in the second lawsuit.

Plaintiff replies that Defendant City of Detroit has withheld records pertaining to Hal Sandusky's incarceration and death for several years, and Plaintiff is just now starting to receive the records he has requested and only recently learned of the named Defendant Officers in the second lawsuit.  Plaintiff notes that Defense Counsel refused to stipulate to allow Plaintiff to amend the complaint in the first lawsuit to add Defendant Dr. Albers, so Plaintiff added the additional Defendant Officers in the second complaint with Dr. Albers. Plaintiff further argues that Defendant Officers will not be prejudiced by consolidation because, even in the absence of consolidation, the same depositions would take place because the parties to the second lawsuit would depose the parties named in the first lawsuit as material witnesses to the incident underlying both lawsuits.

The record indicates that Plaintiff submitted four separate FOIA requests to the City of Detroit from 2013 through 2016, before filing his first lawsuit.  The Court has reviewed the City's responses to those FOIA requests, and Plaintiff is correct that the responses do not identify any of the Defendant Officers named in the second lawsuit and do not provide information for the time period between Hal Sandusky's booking into the jail and when he was found unresponsive in his cell.  *See* 18-cv-11533, Dkt. # 30-1; 18-cv-11533, Dkt. # 30-2; 18-cv-11533, Dkt. # 30-3; 18-cv-11533, Dkt. # 30-4.  Rather, Plaintiff learned of the Defendant Officers named in the second lawsuit after the close of discovery in the first lawsuit.  These Defendant Officers are specifically identified in the Daily Details forms provided by Defendant City of Detroit after the close of discovery in the first lawsuit.  These Defendant Officers were assigned to work or supervise the inside of the precinct cell block where Hal Sandusky was housed and were responsible for supervising and checking on Hal Sandusky (and the other detainees in that cell block) while he was housed at the jail.

The record further indicates that Plaintiff served a subpoena on Defendant City of Detroit on May 31, 2018, and the City just recently produced the cell check records for June 25, 2013 through June 27, 2013 (on July 23, 2018 and August 30, 2018). *See* 18-cv-11533, Dkt. # 30-11; 18-cv-11533, Dkt. # 30-12; 18-cv-11533, Dkt. # 30, Pg ID 357. These records indicate that Defendant Officers Burns-Weathers, Dittberner, Ewing, Holyfield, Obidzinski, and Trzos (named Defendants in the second lawsuit) were conducting regular cell checks on Hal Sandusky between June 25th and June 27th.

Federal Rule of Civil Procedure 42 provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

The Court agrees with Plaintiff and Defendant Dr. Albers that it does not make sense to proceed with two separate actions arising out of the same incident, with half of the officers potentially responsible for Hal Sandusky during the relevant time period in one case, and the other half (along with the treating ER doctor) in the other case. It is clear that the two actions do involve common questions of law and fact. In the interest of judicial economy and in order to avoid unnecessary confusion, the Court will grant Plaintiff's motions to consolidate the two actions.

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motions to Consolidate (17-cv-11784, Dkt. # 58; 18-cv-11533, Dkt. # 12) are GRANTED. The Court will enter a new scheduling order in the consolidated matter following the **scheduling and status conference scheduled for October 10, 2018 at 11:00am**.

The Clerk of the Court is directed to consolidate Case No. 17-cv-11784 and Case No. 18-cv-11533, and then close Case No. 18-cv-11533.

SO ORDERED.

> s/ Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: September 13, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 13, 2018, by electronic and/or ordinary mail.

> s/ Lisa Bartlett
> Case Manager